1
2
3
4
5              UNITED STATES DISTRICT COURT
6              EASTERN DISTRICT OF WASHINGTON

7  UNITED STATES OF AMERICA,
                                          NO: 2:13-CR-2103-TOR-1
8              Plaintiff,
                                          ORDER RE: DEFENDANT'S
9      v.                                 MOTION FOR RECONSIDERATION

10 GREGORIO FIGUEROA-OCHOA,

11             Defendant.

12    BEFORE THE COURT are Defendant's Motion for Reconsideration (ECF

13 No. 339), Defendant's Motion to Appoint Counsel (ECF No. 340), and

14 Defendant's Motion for Evidentiary Hearing (ECF No. 341). These matters were

15 submitted for consideration without oral argument. The Court has reviewed the

16 motions, the record, and files therein and is fully informed.

17                           **BACKGROUND**

18    On June 11, 2014, pursuant to a written Rule 11(c)(1)(C) plea agreement,

19 Defendant pled guilty to one count of Conspiracy to Possess with Intent to

20 Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1),

ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

841(b)(1)(A), 846. ECF No. 208. The Court accepted the parties' Rule 11(c)(1)(C) plea agreement and, on September 23, 2014, sentenced Defendant to 240 months imprisonment, followed by 10 years supervised release. ECF No. 245, 246.

Defendant subsequently filed a motion to reduce his sentence. ECF No. 332. This Court denied Defendant's motion, finding Defendant's sentence was not based on a sentencing range that has been reduced and that the amended guideline range is still greater than the sentence imposed. ECF No. 335.

In the instant motions, Defendant asks this Court to reconsider its previous Order, appoint counsel, and hold an evidentiary hearing. ECF Nos. 339; 340; 341.

**DISCUSSION**

**A. Motion for Reconsideration**

Defendant's motion for reconsideration contests the validity of the Rule 11(c)(1)(C) plea agreement entered in this case, asserting that he had no knowledge of this agreement and that his attorney led him to believe he was agreeing to a ten-year sentence. ECF No. 339 at 1-2. Because Defendant is attacking the validity of his plea agreement, post-sentencing, this Court construes his motion as one seeking to vacate, set aside, or correct his sentence.

Pursuant to Rule 11(e), once a defendant has entered a guilty plea and the court has imposed a sentence, the defendant may not withdraw his or her plea—

rather, "the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). "Once a conviction is entered, the district court's jurisdiction over the matter is limited, and an attack on the conviction must have a jurisdictional basis." *United States v. Monreal*, 301 F.3d 1127, 1133 (9th Cir. 2002). "Generally, the vehicle for challenging a conviction in the district court is a 28 U.S.C. § 2255 petition." *Id.*

Pursuant to 28 U.S.C. § 2255,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A prisoner has one year to file this motion, which time period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("[A] judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence."). Under the local rules for the Eastern District of Washington, "[p]etitions for habeas corpus shall be on forms furnished by the Clerk" and "shall be processed in the district where the conviction took place regardless of where the prisoner is incarcerated." LR 9.1.

As stated above, this Court construes Defendant's motion as a petition for habeas relief. Because Defendant was sentenced on September 23, 2014, and he filed the instant motion on July 30, 2015, his motion is timely. However, to comply with the local rules, he is directed to file an amended petition for habeas corpus relief on the standard form provided with this Order. As Defendant has timely filed his original motion, Defendant's promptly amended petition will also be considered timely for purposes of the one-year deadline prescribed by 28 U.S.C. § 2255(f).

**B. Motions for Evidentiary Hearing and Appointment of Counsel**

Defendant has also moved for an evidentiary hearing, ECF No. 341, and for the appointment of counsel to assist him in attacking the validity of his plea agreement. ECF No. 340.

ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION ~ 4

Regarding evidentiary hearings, when considering a section 2255 petition, the district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000). A district court has the discretion to forego an evidentiary hearing and instead rely on the record, which may be supplemented by discovery and documentary evidence, the judge's own notes and recollection of the plea hearing and sentencing process, and common sense. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir.1989). However, "[e]videntiary hearings are particularly appropriate when 'claims raise facts which occurred out of the courtroom and off the record.'" *Chacon-Palomares*, 208 F.3d at 1159 (quoting *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989)).

Regarding appointment of counsel, there is no constitutional right to counsel in habeas proceedings. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Nevius v. Sumner*, 105 F.3d 453, 459 (9th Cir. 1996). A court may, however, appoint counsel in an action under 28 U.S.C. § 2255 to represent a financially eligible habeas petitioner if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court may exercise its discretion and deny a request for counsel where the "pleadings illustrate . . . that [petitioner] ha[s] a good understanding of the issues and the ability to present forcefully and coherently his

ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION ~ 5

contentions." *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).  However, appointment is mandatory when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

This Court finds Defendant's motions are premature.  This Court has the discretion to forego an evidentiary hearing and instead rely on the record and any necessary supplementation to the record.  At this time, the Court cannot conclude that an evidentiary hearing is necessary.  Once Defendant's petition has been properly amended and the United States has responded, this Court will make the determination whether an evidentiary hearing is necessary.  Relatedly, this Court declines to appoint counsel at this time.  Based on his previously filed motions, this Court finds Defendant will not have difficulty articulating his claims to this Court in his amended petition.  Furthermore, as Defendant was previously represented by retained counsel, any motion to appoint counsel must include a demonstration of financial eligibility.  *See* 18 U.S.C. § 3006A(a)(2).  Thus, Defendant has not made the necessary showing for appointment of counsel at this time.  Accordingly, Defendant's motions (ECF Nos. 340; 341) are **DENIED without prejudice**.

///

///

///

ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION ~ 6

**IT IS ORDERED:**

1. Defendant's Motion for Reconsideration (ECF No. 339) is **DENIED, but construed as a petition for habeas relief, Defendant is granted leave to amend**. Defendant is directed to promptly file an amended petition for habeas relief on the form provided with this Order (form AO 243, Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody). Defendant shall remit the $5.00 fee to file a habeas corpus petition or submit a properly completed form AO 240, Application to Proceed in District Court without Prepaying Fees or Costs, which the Clerk shall also provide.

2. Defendant's Motion to Appoint Counsel (ECF No. 340) is **DENIED without prejudice**. The Clerk shall provide Defendant with a form CJA 23, Financial Affidavit.

3. Defendant's Motion for Evidentiary Hearing (ECF No. 341) is **DENIED without prejudice**.

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** September 1, 2015.



THOMAS O. RICE
United States District Judge

ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION ~ 7