UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:13-CR-2103-TOR-1 |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S SECOND MOTION FOR REDUCTION OF SENTENCE |
| GREGORIO FIGUEROA-OCHOA, | |
| Defendant. | |

BEFORE THE COURT is Defendant's Motion for Reduction of Sentence Under Retroactive Amendment 782 Pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 406. The Defendant submitted this motion on his own behalf. While the Clerk set a hearing for this matter on July 19, 2018, this Court finds no reason to delay its order. The Court has reviewed the pleadings and the record therein and is fully informed.

## BACKGROUND

On June 11, 2014, pursuant to a written Rule 11(c)(1)(C) plea agreement, Defendant pleaded guilty to one count of Conspiracy to Possess with Intent to

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR REDUCTION OF SENTENCE ~ 1

Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. ECF No. 208. The parties did not agree on a base offense level or specify a criminal history category. *Id.* at 8-9. The Court accepted Defendant's guilty plea but reserved ruling on the Rule 11(c)(1)(C) nature of the plea agreement until sentencing. ECF No. 210.

At sentencing, the Court determined Defendant's total offense level to be 43, criminal history category I, with an advisory guideline provision of life imprisonment. In accordance with the presentence investigation report—which this Court adopted without change, ECF No. 247 at 1—Defendant's base offense level was 38 because his case involved the equivalency of more than 30,000 kilograms of marijuana.[1] ECF No. 230 at 17. Certain specific offense characteristics and adjustments were then found to apply, resulting in an adjusted offense level of 48. *Id*. at 18. After reduction for acceptance of responsibility, Defendant's total offense level would have been 45, but the sentencing table does not reach that high so Defendant's total offense level defaults to level 43. *See id.*

---

[1] As calculated in the presentence investigation report, 10.0 kg of cocaine is equivalent to 2,000.0 kg of marijuana and 15.0504 kg of methamphetamine (actual) is equivalent to 301,008.0 kg of marijuana. ECF No. 230 at 17. Thus, the marijuana equivalency of the drugs involved was 303,008 kilograms. *Id.*

The Court then accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced Defendant to 240 months imprisonment, followed by 10 years supervised release. ECF No. 245, 246. In accordance with the parties' agreement, the Court imposed a sentence outside (below) the advisory sentencing guideline system. *See* ECF No. 247 at 3.

On June 16, 2015, Defendant sought a sentence reduction pursuant to Amendment 782 of the U.S. Sentencing Guidelines. ECF No. 332. The Court denied a sentencing reduction for two reasons. First, the Sentencing Commission did not reduce the sentencing range for the quantity of drugs for which Defendant is accountable. The base offense level for persons who possess the marijuana equivalency of 300,000 kilograms—the amount listed in the presentence investigation report and subsequently adopted by this Court at sentencing—is the same in both the 2013 and 2014 Guidelines. Accordingly, no reduction is allowed. Defendant misunderstood Amendment 782. Defendant contended "Guideline Amendment 782 lowers the base offense level under U.S.S.G. § 2D1.1 by two levels." ECF No. 332 at 4. That is wrong. For the amount of drugs for which Defendant is accountable, Amendment 782 did not lower the base offense level at all.

Second, this Court held that Defendant's sentence, imposed pursuant to an 11(c)(1)(C) "plea agreement for a sentence outside the advisory guidelines system" was not "based on" a Guideline range. ECF No. 335 at 6.

In the instant motion, Defendant once again seeks a reduction of his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines, this time based on the Supreme Court's decision in *Hughes v. United States*, 138 S.Ct. 1765 (2018). ECF No. 406.

## DISCUSSION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. 3582(c)). However, Congress has provided a limited exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under section 3582(c)(2), "a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted) (emphasis in original).

The district court must first ascertain whether a prisoner is eligible for a sentence reduction by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and brackets omitted) (quoting U.S.S.G. § 1B1.10(b)(1)). The Sentencing Commission has further clarified that the applicable guideline range is that range that corresponds to the offense level and criminal history category determined before any departure provision in the guidelines manual or any variance. U.S.S.G. § 1B1.10, comment.1(A).

Here, Defendant is not eligible for a sentence reduction. Again dispositive here, the Sentencing Commission has not reduced the sentencing range for the quantity of drugs for which Defendant is accountable. The base offense level for persons who possess the marijuana equivalency of 300,000 kilograms—the amount listed in the presentence investigation report and subsequently adopted by this Court at sentencing—is the same in both the 2013 and 2014 Guidelines–level 38. For the amount of drugs for which Defendant is accountable, Amendment 782 did not lower the base offense level at all.

Previously this Court held that Defendant's sentence was imposed pursuant to an 11(c)(1)(C) "plea agreement for a sentence outside the advisory guidelines system" and was thus not "based on" a Guideline range. That holding is wrong as Defendant correctly observes the Supreme Court in *Hughes v. United States*, 138 S.Ct. 1765 (2018), clarifies and holds that in deciding whether to accept a Rule 11(c)(1)(C) agreement, "the district court must consider the Sentencing Guidelines." *Id*. at 1773. But that alone does not allow the Court to resentence Defendant, the sentencing range has not been reduced.

Accordingly, because Defendant's sentence **was not based on a sentencing range that has been reduced** and the amended guideline range is still greater than the sentence imposed, Defendant is not entitled to a section 3582 reduction.

**IT IS ORDERED:**

Defendant's Motion for Reduction of Sentence Under Retroactive Amendment 782 Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 406, is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties and vacate the hearing set for July 19, 2018 as moot.

**DATED** July 2, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S SECOND
MOTION FOR REDUCTION OF SENTENCE ~ 6